PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2008 Chrysler Sebring struck a hole on US Route 250 in Fairmont, Marion County. Route 250 is a public road maintained by Respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 p.m. on January 31, 2010. US Route 250 is a two-lane paved road with a lane of traffic in each direction and a double yellow center lane line. There had been a few snow flurries on the day of incident and patches of snow were still on the ground. Claimant, Robin Sinclair, testified that at the time of the incident she was driving home from Wal-Mart along Route 250 north with her husband and co-Claimant, Steve Sinclair, as a passenger. Mrs. Sinclair stated that as she was driving her vehicle’s front passenger side tire struck a hole in the pavement, approximately one and a half feet wide by one foot long and 6 inches deep, which she could not see because it was filled in with snow. According to Mrs. Sinclair her tire light immediately went on, and she was forced to the side of the road, where Mr. Sinclair replaced the damaged front passenger tire with the spare tire.
As a result of this incident, Claimants’ vehicle sustained damage to front passenger side tire requiring that it be replaced in the amount of $ 157.94. Claimants also provided an estimate for repairs to their front bumper, which was cracked during the incident, in the amount of $891.99. Additionally, Mrs. Sinclair testified that a few weeks after having the front passenger tire replaced, Claimants’ learned that the front driver’s side tire also needed to be replaced in the amount of $157.94. Since Claimants’ insurance declaration sheet indicates that their collision deductible is $500.00, Claimants’ recovery is limited to that amount.
*211 It is the Claimants’ position that Respondent knew or should have known about the defects in the pavement on Route 250 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain Route 250 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Route 250 at the time of the incident; furthermore, at the time of the incident it was operating in snow removal and ice control (“SRIC”) mode, considered an emergency condition during which all employees work to remove snow and ice from the roads with all other activities suspended.
Michael Roncone, Highway Administrator for Respondent in Marion County, testified that he is familiar with Route 250 and that it is a priority one road. Mr. Roncone stated that the incident occurred between several of the season’s snow falls, and that Respondent’s crews were dedicated to SRIC activites. According to Mr. Ronconce, Respondent is generally engaged in SRIC from the middle of November until the middle of April.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent was negligent in its maintenance of US Route 250. Although the evidence adduced at the hearing establish that Respondent was operating under SRIC conditions, photos depicting the sizeable nature of the hole and its location in the travel portion of the road lead the Court to conclude that the condition existed prior to the snowfall and created a hazard to the traveling public. The Court is of the opinion that Respondent had, at the least, constructive notice of the condition on Route 250 and adequate time to make the necessary and reasonable repairs.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $500.00.
Award of $500.00.